Ronald V. Sgambati (Bar ID #046321991)
Maggie L. Gousman (Bar ID #068262013)
JACKSON LEWIS P.C.
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960
(973) 538-6890
ATTORNEYS FOR DEFENDANTS

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALICIA MARTINEZ, | : |
| Plaintiff, | : Civil Action No. 2:16-cv-00907 |
| v. | : |
| | : **ANSWER AND DEFENSES** |
| PRESTIGE INDUSTRIES, LLC, CARLOS CRISPIN, SANG CHO, and JOHN DOES 1-5, (being fictitious individuals), | : |
| Defendants. | : |

Defendants, Prestige Industries, LLC ("Prestige"), Crispin Briones (improperly plead as Carlos Crispin ("Briones"), and Sang Cho ("Cho"), (collectively referred as "Defendants") through its attorneys, Jackson Lewis P.C., for its answer to the complaint, states as follows:

### FIRST COUNT

1. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2. Defendants admit the allegations contained in paragraph 2 of the Complaint.

3. Defendants deny the allegations contained in paragraph 3 of the Complaint.

4. Defendants deny the allegations contained in paragraph 4 of the Complaint.

5. Defendants deny the allegations contained in paragraph 5 of the Complaint.

6. Defendants deny the allegations contained in paragraph 6 of the Complaint.

7. Defendants deny the allegations contained in paragraph 7 of the Complaint.

8. Defendants deny the allegations contained in paragraph 8 of the Complaint.

9. Defendants deny the allegations contained in paragraph 9 of the Complaint.

10. Defendants deny the allegations contained in paragraph 10 of the Complaint.

11. Defendants deny the allegations contained in paragraph 11 of the Complaint.

12. Defendants deny the allegations contained in paragraph 12 of the Complaint.

13. Defendants deny the allegations contained in paragraph 13 of the Complaint.

## SECOND COUNT

14. Defendants repeat and reallege its answers to the aforementioned paragraphs as though fully set forth in response to paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in paragraph 15 of the Complaint.

### THIRD COUNT

16. Defendants repeat and reallege its answers to the aforementioned paragraphs as though fully set forth in response to paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in paragraph 17 of the Complaint.

### SEPARATE DEFENSES

### AS AND FOR A FIRST SEPARATE DEFENSE

Plaintiff's complaint fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

### AS AND FOR A SECOND SEPARATE DEFENSE

Plaintiff's complaint is barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A THIRD SEPARATE DEFENSE

At all times relevant hereto, Defendants has acted in good faith and has not violated any rights which may be secured to Plaintiff under any federal, state or local laws, rules, regulations or guidelines.

### AS AND FOR A FOURTH SEPARATE DEFENSE

Plaintiff's complaint should be dismissed because all actions taken by Defendants with respect to Plaintiff were undertaken in good faith and for legitimate business reasons unrelated to Plaintiff's gender.

### AS AND FOR A FIFTH SEPARATE DEFENSE

Each and every action taken by Defendants with respect to Plaintiff was based upon reasonable factors other than gender, national origin, and/or alleged disability.

### AS AND FOR A SIXTH SEPARATE DEFENSE

Each and every action taken by Defendants with respect to Plaintiff was justified by a business necessity.

### AS AND FOR A SEVENTH SEPARATE DEFENSE

Plaintiff's employment, at all times relevant to this action, was at-will and could be terminated by either party for any reason and at any time, with or without notice.

### AS AND FOR AN EIGHTH SEPARATE DEFENSE

Plaintiff's claims for damages are barred or reduced to the extent she failed to mitigate her alleged damages by using reasonable diligence to seek and obtain comparable employment elsewhere.

### AS AND FOR A NINTH SEPARATE DEFENSE

Plaintiff's claims for emotional distress are barred by the exclusive remedy provisions of New Jersey's workers' compensation statute.

### AS AND FOR A TENTH SEPARATE DEFENSE

Even if Plaintiff could prove that her gender, national origin, and/or alleged disability were a factor in any employment decision, Defendants would have made the same employment decision.

### AS AND FOR AN ELEVENTH SEPARATE DEFENSE

The Plaintiffs complaint is so vague and ambiguous that Plaintiff should provide Defendants with a more definite statement of the facts that form the basis for the legal claims

4

alleged against the Defendants.

### AS AND FOR A TWELFTH SEPARATE DEFENSE

Plaintiff voluntarily resigned from her employment.

### AS AND FOR A THIRTEENTH SEPARATE DEFENSE

The Individual Defendants are not employers.

### AS AND FOR A FOURTEENTH SEPARATE DEFENSE

Defendants did not know, or have reason to know, of the alleged harassment.

### AS AND FOR A FIFTEENTH SEPARATE DEFENSE

Defendants took immediate action to prevent and remedy any known (or alleged) harassment.

### AS AND FOR A SIXTEENTH SEPARATE DEFENSE

Plaintiff's claim for harassment is barred and/or any recovery of damages is precluded because the Defendants exercised reasonable care to prevent and correct promptly any alleged harassing behavior.

### AS AND FOR A SEVENTEENTH SEPARATE DEFENSE

Plaintiff's claim for harassment is barred and/or any recovery of damages is precluded because Plaintiff unreasonably failed to take advantage of Defendants' preventive and corrective opportunities or to avoid harm otherwise.

### AS AND FOR AN EIGHTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred because the complained of conduct was neither offensive or unwelcome, and/or Plaintiff participated in such conduct.

5

## AS AND FOR A NINETEENTH SEPARATE DEFENSE

Plaintiff's claims for punitive damages are not recoverable under every cause of action alleged in Plaintiffs complaint.

WHEREFORE, Defendants respectfully requests that this Court:

a. Dismiss the complaint in its entirety;

b. Deny each and every demand, claim and prayer for relief contained in the Complaint and Jury Demand;

c. Award to Defendants reimbursement for reasonable attorneys' fees and costs incurred in defending this meritless and vexatious action; and

d. Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JACKSON LEWIS P.C.
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, NJ  07960-6834
(973) 538-6890

By: s/ Ronald V. Sgambati
Ronald V. Sgambati
Maggie L. Gousman

Dated: March 11, 2016

4828-0342-4558, v. 1